**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: January 29 2007**

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 05-38820 |
| | ) | |
| Sherron L. Phillips-Camper and | ) | Chapter 7 |
| Randy L. Camper, | ) | |
| | ) | Adv. Pro. No. 05-3421 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| | ) | |
| Bruce Comly French, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Imaginary Investments, | ) | |
| | | |
| Defendant. | | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on Defendant's Motion for Summary Judgment [Doc. # 11] and the Trustee opposition [Doc. # 12]. For the reasons that follow, the motion will be granted.

## BACKGROUND

The relevant facts are not in dispute. On April 4, 2004, Debtors in the underlying Chapter 7 case executed a promissory note in favor of Defendant in the amount of $10,000. On the same date, Debtors executed a security agreement, listing in Exhibit A attached thereto collectable coins that were to be used as collateral for the loan. As provided in the security agreement, Defendant took possession of the coins listed in Exhibit A and continues to have physical possession of those coins. Debtors have made interest payments only on the promissory note and the principal amount of $10,000 remains unpaid. Debtors filed for relief under Chapter 7 of the Bankruptcy Code on August 27, 2005.

## LAW AND ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

In this case, the Trustee seeks to invoke the strong-arm provisions of 11 U.S.C. § 544. He alleges that Defendant did not create an enforceable security interest or, alternatively, did not properly perfect its security interest in the collectible coins and, as a result, that he has a lien with priority over any claimed security interest of Defendant. As the facts are undisputed, the sole issue before the court is whether Defendant has a valid and properly perfected security interest in the coins under Ohio law.

Ohio Revised Code § 1309.313 addresses the validity and perfection of a security interest in collateral by taking possession of the collateral. The statute provides in relevant part as follows:

> (A) Except as otherwise provided in division (B) of this section, a secured party may perfect a security interest in negotiable documents, goods, instruments, money, or tangible chattel paper by taking possession of the collateral. A secured party may perfect a security interest in certificated securities by taking delivery of the certificated securities under section 1308.27 of the Revised Code.
> . . . .
> (D) If perfection of a security interest depends upon possession of the collateral by a secured party, perfection occurs no earlier than the time the secured party takes possession and continues only while the secured party retains possession.

Ohio Rev. Code § 1309.313.

There is no dispute that Debtors granted Defendant a security interest in the coins and that Defendant took possession of the coins on or about April 4, 2004, before Debtors filed their bankruptcy petition. [Doc. #11: Affidavit of William Bresson]. There is also no dispute that Defendant still retains possession of the coins. Thus, under § 1309.313, Defendant has a perfected security interest in the collateral.

The Trustee acknowledges that § 1309.313 permits perfection of a security interest by taking possession of the collateral. However, he relies on the following language in the security agreement in requesting that the summary judgment motion be denied:

> No financing statement covering the collateral is on file in any pub[l]ic office and at the request of Secured Party, Debtor will join with Secured Party in executing one or more financing statements pursuant to the Ohio Uniform Commercial Code in form satisfactory to the Secured Party and Debtor will pay the cost of filing in all public offices wherever filing is deemed necessary by Secured Party.

[Doc. # 11, Security Agreement attached thereto at ¶ 7].

To the extent that the Trustee is arguing that a contract provision regarding perfection can override Ohio's statutory provision, even if correct, which the court does not so find, the language relied upon simply gives Defendant the option, at its request, to require Debtor to execute a financing statement. The fact that it did not exercise that option, a fact for which the Trustee has offered no evidence, simply has no bearing on the perfection of Defendant's security interest under § 1309.313. Finding that there is no issue of material fact regarding Defendant's perfection of a security interest in the coins, the court will grant Defendant's motion for summary judgment.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment be, and hereby is, **GRANTED.**